JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sarah Sandoval

## DEFENDANTS
The Center for Innovative Gyn Care, PC; Natalya Danilyants, M.D.

(b) County of Residence of First Listed Plaintiff   Maricopa County, AZ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery County, MD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Dugan, Babij, Tolley & Kohler, LLC
1966 Greenspring Drive, Suite 500
Timonium, MD 21093, Phone: 410-308-1600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability — ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury — ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice — ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights — **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting — ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment — ☐ 510 Motions to Vacate Sentence |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations — ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment — ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other — **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education — ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. section 1332
Brief description of cause:
permanent reproductive organ damage after uterine fibroid surgery that caused a perforation to her cecum

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  6-12-17
SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT FOR
THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| SARAH SANDOVAL<br>9240 E. Redfield Road<br>#322<br>Scottsdale, Arizona 85250<br><br>    Plaintiff<br>v.<br><br>THE CENTER FOR INNOVATIVE GYN<br>CARE, PC<br>Suite 414<br>8218 Wisconsin Ave<br>Bethesda, MD  20814<br><br>SERVE ON:  RESIDENT AGENT:<br>John P. Lynch<br>Suite 304<br>888 Bestgate Road<br>Annapolis, MD  21401<br><br>and<br><br>NATALYA DANILYANTS, M.D.<br>3206 Tower Oaks Blvd<br>Suite 200<br>Rockville, MD  20852<br><br>    Defendants | *<br>*<br>*   Civil Action No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT AND ELECTION FOR JURY TRIAL**

The Plaintiff, Sarah Sandoval, by her attorneys, Henry E. Dugan, Jr., Alison D. Kohler, and Dugan, Babij, Tolley & Kohler, LLC, sues the Defendants, The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D., saying:

1. This matter was filed with the Health Care Alternative Dispute Resolution Office of Maryland on or about May 24, 2017. A copy of the Statement of Claim is attached hereto as *Exhibit 1* and prayed to be taken as part hereof.

2. The Plaintiff filed the Certificate of Merit and Report of Steven D. McCarus, M.D., with the Health Care Alternative Dispute Resolution Office of Maryland, on or about May 24, 2017. A copy of the Certificate of Merit and Report is attached hereto as *Exhibit 2* and prayed to be taken as part hereof.

3. On or about May 24, 2017, the Plaintiff filed a Notice of Election to Waive Arbitration, pursuant to Md. Cts. & Jud. Procs. Code Ann. § 3-2A-06A, in the Health Care Alternative Dispute Resolution Office of Maryland. A copy of the Notice of Election to Waive Arbitration is attached hereto as *Exhibit 3*, and prayed to be taken as part thereof.

4. On or about May 25, 2017, an Order of Transfer was issued by the Health Care Alternative Dispute Resolution Office, transferring this case to the United States District Court for the District Of Maryland. A copy of the Order to Transfer is attached hereto as *Exhibit 4*, and prayed to be taken as part hereof.

5. These claims were properly filed in the Health Care Alternative Dispute Resolution Office as they exceed Thirty Thousand Dollars ($30,000.00) in damages, and were properly waived out to the United States District Court District of Maryland pursuant to Md. Cts. & Jud. Procs. Code Ann. § 3-2A-06A. All conditions precedent to the filing of these claims have been met.

6. The Plaintiff relates back to, repeats, re-alleges, adopts and incorporates by reference the Statement of Claim filed with the Health Care Alternative Dispute Resolution Office on or about May 24, 2017.

**PARTIES**

7. The Plaintiff, Sarah Sandoval, is an adult citizen of the State of Arizona residing at 9240 E. Redfield Road, #322, Scottsdale, Arizona 85250.

8. The Defendant, The Center For Innovative Gyn Care, PC, (hereinafter "Innovative Gyn") is a corporation organized and existing under the laws of the State of Maryland and with its principal place of business at 8218 Wisconsin Ave, Suite 414, Bethesda, M.D. 20814. At all times complained of, the Defendant The Center for Innovative Gyn Care, PC, acted through its real, apparent and/or ostensible agents, servants and/or employees, including Natalya Danilyants, M.D. and/or all the other physicians, nurses and health care workers delivering care to Plaintiff Sarah Sandoval.

9. The Defendant, Natalya Danilyants, M.D. (hereinafter "Dr. Danilyants") is an adult citizen of the State of Maryland and was and is a medical doctor licensed in the State of Maryland and engaging in the specialty practice of obstetrics and gynecology, with a principal place of business at 3206 Tower Oaks Blvd, Suite 200, Rockville, M.D. 20852. At all times herein mentioned, Dr. Danilyants was acting as a shareholder and employee, agent or representative of Innovative Gyn.

## JURISDICTION AND VENUE

10. The amount of this claim exceeds Seventy-Five Thousand Dollars ($75,000.00) and jurisdiction and venue are appropriate in the United States District Court for the District of Maryland, pursuant to 28 U.S.C. §1332 and §1391, because all Defendants are residents of Maryland and there is complete diversity of citizenship between the parties.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff Sarah Sandoval first consulted by phone with The Center for Innovative Gyn Care, PC and Dr. Danilyants on September 16, 2015 regarding the possibility of undergoing a laparoscopic assisted abdominal myomectomy (hereinafter "LAAM") procedure to remove uterine fibroids. At the time of the consultation, Ms. Sandoval was single and 36

3

years old. Ms. Sandoval was interested in the LAAM because she wanted to preserve her uterus and preserve the option to have children. Based on the findings of a pelvic MRI and the telephone conversation with the patient, Dr. Danilyants and The Center for Innovative Gyn Care, PC told Ms. Sandoval that she was an appropriate candidate for LAAM surgery, and the office proceeded to schedule the surgery.

12. The MRI of Ms. Sandoval's pelvis had been performed on August 25, 2015 in Scottsdale, Arizona. The MRI showed a large heterogeneous mass consistent with a subserosal fibroid arising from the left aspect of the uterus that nearly filled the pelvis and that measured 13.6 x 13.3 cm. The fibroid was so large that it displaced the uterus anteriorly and to the right and displaced both ovaries into the right abdomen. There was also a thick walled tubular collection of gas and fluid in the right adnexa that was closely associated with adjacent loops of ileum that appeared somewhat inflamed. The differential diagnosis identified by the radiologist included inflammatory bowel disease and tethering, fistula, or pseudosacculation. The fact that there would be distorted anatomy and the need for extensive enterolysis should have been anticipated.

13. Before the surgery date, Ms. Sandoval obtained requested lab work, which was sent to Defendants' offices. On Thursday, October 22, 2015, after having traveled from her home in Arizona to The Center for Innovative Gyn Care, PC, Ms. Sandoval underwent surgery at the hands of Dr. Danilyants in the Innovations Ambulatory Surgery Center connected to the Defendants' practice. Surgery started at 07:46 and ended at 09:30. Ms. Sandoval was discharged from the PACU and released and discharged from the facility at 12:45.

14. According to the operative report, the surgery was a very difficult case. Ms. Sandoval had a large uterus with multiple fibroids. The largest fibroid was attached to the

4

bowel mesentery. Removal of the largest fibroid caused extensive bleeding that required placement of lap pads. The right ovary was stuck to bowel (rectum) and the uterus. Due to excessive blood loss, Dr. Danilyants did not complete the dissection of the rectum off of the uterus. The blood loss was 1200 ccs. Throughout the operative report, there is no mention of anything being done to check the bowel. In short, in Ms. Sandoval's surgery, there was anatomy that was distorted. There was bowel stuck to the right ovary and bowel stuck to the back of the uterus. There was no intraoperative consultation with a general surgeon or colorectal surgeon to make sure the bowel was intact. There was nothing done to make sure that the structures dissected were intact. There was no consideration of converting the surgery to open. Anatomy that was distorted and abnormal was left in that condition. Despite the extensive lysis of adhesions and the extensive blood loss, the patient was discharged and released from the facility within three hours of completion of the surgery, with no plans for any in-person follow up. The patient was allowed to fly home to Arizona within days of the surgery.

15.     On October 27, 2015, Kimberly Amanda Nieves, CRNP from The Center for Innovative Gyn Care, PC, called Ms. Sandoval to check on her condition. Ms. Sandoval said she flew home Saturday (three days after the surgery) and on Sunday and Monday (October 25 and 26), she had had increased pelvic pain, which had resolved.

16.     On November 5, 2015 at 12:15, Ms. Sandoval called the Defendants' call line and again spoke to Nurse Practitioner Nieves. NP Nieves recorded that Ms. Sandoval reported that she had had burning, cramping, pelvic pain for 5 days, night sweats and chills. She did not have a vaginal discharge but did have an odor with spotting. She had urinary hesitancy. She had been applying ice to her pelvis. Vicodin decreased the pain from 9/10 to 3/10. She had

nausea without vomiting and had minimal appetite. Nurse Practitioner Nieves prescribed Vicodin and Macrobid. She told Ms. Sandoval to take Ibuprofen around the clock for the next day, apply warm compresses to her pelvis, and remain hydrated. NP Nieves stated that she would call Ms. Sandoval the next day.

17. Later that same day, at about 07:25 pm, Ms. Sandoval went to the emergency department of ACH Lakeside Hospital in Omaha Nebraska. She reported that she had a three day history of fevers, night sweats, nausea and poor oral intake. She was running a fever in the emergency department, was continuing to have lower abdominal pain, and was feeling lightheaded. On physical exam, she had tenderness in the right and left lower quadrants with guarding. An ultrasound of the pelvis showed a collection within the left adnexal space that was interpreted as being possibly due to hemorrhage or a phlegmon/abscess. She had grossly abnormal lab work, including a significantly elevated WBC of 24.3 and bandemia. A CT scan showed free air throughout the abdomen with multiple collections of fluid. In the early morning hours of November 6, 2015, Ms. Sandoval was taken emergently to surgery for an exploratory laparotomy.

18. In surgery, a large inflammatory phlegmon was discovered in the pelvis that surrounded a large purulent-filled cavity involving several abdominal organs, including the bladder, uterus, ovary and fallopian tubes, sigmoid colon, right colon, cecum, appendix and several loops of small bowel. An additional area of purulent material and abscess was found underneath the liver. After extensive dissection and evacuation of the purulent material, the source of the infection appeared to be a perforated cecum. Ms. Sandoval underwent a right hemicolectomy.

19. Although Ms. Sandoval initially improved, within a few days, her WBC began to rise and another CT scan showed evidence of continued peritonitis. On November 12, 2015, Ms. Sandoval was taken back to surgery for re-exploration. Once again, Ms. Sandoval had areas of loculated ascites, abscesses among small bowel loops, and an infected pelvic hematoma. The surgeons found a rectal perforation deep in the pelvis that was from the original surgery by Defendants Dr. Danilyants. Ms. Sandoval then underwent an ileostomy and left the operating room with the ileostomy bag in place. Ms. Sandoval was discharged from the hospital on December 2, 2015, almost one month after she had arrived in the emergency department. She had suffered life threatening sepsis, intestinal perforation, rectal perforation, abdominal and pelvic abscesses, acute peritonitis, reactive thrombocytopenia, acute blood loss, malnutrition, two exploratory laparotomies, creation of an ileostomy, and administration of large amounts of antibiotics, all of which was caused by the negligence and breaches of the standard of care by Defendants The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D.

20. On January 5, 2016, Ms. Sandoval underwent another surgery to reverse the ileostomy, which was successful.

21. Today, Ms. Sandoval continues to have pain in her abdomen and pelvis along with chronic constipation. Ms. Sandoval has likely suffered damage to her reproductive organs such that it will be impossible to get pregnant. She will also likely need a hysterectomy in the future.

7

## COUNT I
### (Negligence- -All Defendants)

The Plaintiff, Sarah Sandoval, repeats, realleges, adopts and incorporates by reference paragraphs 1 through 21 of this Complaint and Election for Jury Trial as though fully set forth herein.

22. At all times of which the Plaintiff complains, Defendants, The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D., individually and by and through their real, apparent and/or ostensible agents, servants and/or employees, who were individually and collectively responsible for providing care to Plaintiff Sarah Sandoval, represented to the public and to the Plaintiff possession of that degree of skill, knowledge and ability ordinarily possessed by a reasonably competent gynecology practice.

23. At all times of which the Plaintiff complains, the Defendants, The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D. were acting individually and by and through their real, apparent and/or ostensible agents, servants and/or employees, who were individually and collectively responsible for providing care to Plaintiff Sarah Sandoval.

24. The Defendants, The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D., individually and by and through their real, apparent and/or ostensible agents, servants and/or employees, who were individually and collectively responsible for providing care to Plaintiff Sarah Sandoval, owed to the Plaintiff the duty to exercise that degree of care, skill and judgment ordinarily expected of a reasonably competent gynecology practice. That duty included the proper interpretation and performance of adequate and appropriate diagnostic tests and procedures to determine the nature and severity of any medical conditions suffered by the Plaintiff Sarah Sandoval, the prompt employment of appropriate procedures and treatments to correct such a condition(s); continuous evaluation of the course of such treatment(s) in

8

response to such evaluation(s); and appropriate notification to the Plaintiff Sarah Sandoval of the various alternatives and risks involved in the various modalities of treatment.

25. Defendants, The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D., individually and by and through their real, apparent and/or ostensible agents, servants and/or employees, who were individually and collectively responsible for providing care to Plaintiff Sarah Sandoval, breached the standard of care and were negligent in their care and treatment of Plaintiff Sarah Sandoval. These breaches of the standard of care include, but are not limited to the following, which are not intended to be a comprehensive and exclusive list of violations:

    A. Failing to employ adequate diagnostic procedures and tests to determine the nature and severity of the medical status and/or conditions of the Plaintiff, Sarah Sandoval;

    B. Failing to exercise reasonable care in the timely and careful diagnosis of such conditions;

    C. Failing to exercise reasonable care in employing appropriate treatments to correct and address such conditions;

    D. Failing to identify and ensure that the bowel was not injured during surgery before completing the surgery;

    E. Failing to identify and ensure that the rectum was not injured during surgery before completing the surgery;

    F. Failing to identify and ensure that the structures that were distorted and abnormal that the Defendants surgically addressed were restored to anatomic normalcy and without injury before completing the surgery;

    G. Failing to consider converting to open in this difficult surgery;

    H. Failing to complete the surgery in terms of addressing the distorted anatomy;

    I. Failing to keep Ms. Sandoval under observation in the facility;

    J.  Discharging Ms. Sandoval within three hours of completion of the surgery with no plans for in person follow-up.

    K.  Failing to obtain Sarah Sandoval's informed consent to the surgery; and

    L.  Being otherwise careless and negligent.

26. As a direct and proximate result of the negligent, inadequate, inappropriate, and substandard care by the Defendants, The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D., individually and by and through their real, apparent and/or ostensible agents, servants and/or employees, who were individually and collectively responsible for providing care to Plaintiff Sarah Sandoval, the Plaintiff, Sarah Sandoval was injured and damaged.

27. The Plaintiff avers that as a direct and proximate result of the negligent care by the Defendants, The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D., individually and by and through their real, apparent and/or ostensible agents, servants and/or employees, who were individually and collectively responsible for providing care to Plaintiff Sarah Sandoval, the Plaintiff, Sarah Sandoval suffered severe and permanent injuries, including life threatening sepsis, intestinal perforation, rectal perforation, abdominal and pelvic abscesses, acute peritonitis, reactive thrombocytopenia, acute blood loss, malnutrition, two exploratory laparotomies, surgical creation of an ileostomy, surgical reversal of an ileostomy, administration of large amounts of IV and oral antibiotics, severe physical pain, increased suffering, emotional distress, mental anguish, physical debilitation and disability, unnecessary procedures, unnecessary hospital and medical care and expenses, permanent disability, and was otherwise hurt, injured and/or damaged, without any negligence on the part of the Plaintiff contributing thereto. In addition, Ms. Sandoval has likely suffered damage to her reproductive organs such that it will be impossible to get pregnant. She will also likely need a hysterectomy in the future.

28. The Plaintiff further avers that all of the injuries, damages and losses sustained by her were due to the negligent and careless acts and omissions of the Defendants, The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D., individually and by and through their real, apparent and/or ostensible agents, servants and/or employees, who were individually and collectively responsible for providing care to Plaintiff Sarah Sandoval, who breached their aforementioned duties to the Plaintiff, Sarah Sandoval.

29. At all relevant times, the Defendants, The Center for Innovative Gyn Care, PC was responsible for the acts and omissions of its real, apparent and/or ostensible agents, servants and/or employees, including without limitation all employees who played any role in caring for Plaintiff Sandoval, including without limitation Natalya Danilyants, M.D. under the doctrines of *respondeat superior* and/or agency.

WHEREFORE, this claim is brought by the Plaintiff, Sarah Sandoval, against the Defendants, The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D. in an amount in excess of the minimum jurisdiction of The United States District Court for the District of Maryland, together with costs, fees and such other and further relief as justice requires.

### COUNT II
### (Failure to Obtain Informed Consent- -All Defendants)

The Plaintiff, Sarah Sandoval, repeats, realleges, adopts and incorporates by reference paragraphs 1 through 29 of this Complaint and Election for Jury Trial as though fully set forth herein.

30. The Defendants, The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D., individually and by and through their real, apparent and/or ostensible agents, servants and/or employees, who were individually and collectively responsible for providing

11

care to Plaintiff Sarah Sandoval, owed to the Plaintiff the duty of appropriate notification of the various alternatives to the treatment rendered by them and the risks involved in the various modalities of treatment.

31. The Defendants, The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D., individually and by and through their real, apparent and/or ostensible agents, servants and/or employees, who were individually and collectively responsible for providing care to Plaintiff Sarah Sandoval, were negligent in failing to appropriately and adequately obtain informed consent from the Plaintiff, Sarah Sandoval, prior to the surgery, and were otherwise negligent.

32. The Plaintiff further avers that as a direct and proximate result of the negligent and careless acts and omissions of the Defendants, The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D., individually and by and through their real, apparent and/or ostensible agents, servants and/or employees, who were individually and collectively responsible for providing care to Plaintiff Sarah Sandoval, in failing to obtain Plaintiff's informed consent, the Plaintiff, Sarah Sandoval, experienced permanent and disabling injuries, a severe shock to her nerves and nervous system, pain, mental anguish, unnecessary procedures, has been and will continue to be obligated to receive hospital and medical care, has been and will continue to be prevented from engaging in her usual activities, duties and pursuits, has incurred and will continue to incur medical expenses in the future, and has been otherwise hurt, injured and damaged.

33. The Plaintiff further avers that all of these injuries and damages were caused by the negligent acts and omissions of the Defendants, The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D., individually and by and through their real, apparent and/or

ostensible agents, servants and/or employees, who were individually and collectively responsible for providing care to Plaintiff Sarah Sandoval, in failing to obtain Plaintiff's informed consent, without any negligence or want of due care on the part of the Plaintiff thereunto contributing.

WHEREFORE, this claim is brought by the Plaintiff, Sarah Sandoval against the Defendants, The Center for Innovative Gyn Care, PC and Natalya Danilyants, M.D., in an amount in excess of the minimum jurisdiction of The United States District Court for the District of Maryland, together with costs, fees and such other and further relief as justice requires.

/s/ Henry E. Dugan, Jr.
HENRY E. DUGAN, JR.  (Bar #01320)
ALISON D. KOHLER (Bar #01277)
Dugan, Babij, Tolley & Kohler, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland  21093
akohler@medicalneg.com
(410) 308-1600
Attorneys for Plaintiff

## ELECTION FOR JURY TRIAL

The Plaintiff, Sarah Sandoval, by and through her undersigned attorneys, elects to try this case before a jury.

/s/ Henry E. Dugan, Jr.
HENRY E. DUGAN, JR.  (Bar #01320)
ALISON D. KOHLER (Bar #01277)
Dugan, Babij, Tolley & Kohler, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland  21093
akohler@medicalneg.com
(410) 308-1600
Attorneys for Plaintiff