IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SARAH SANDOVAL | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 8:17-cv-01599-PJM |
| THE CENTER FOR INNOVATIVE GYN CARE, P.C., *et al.* | * | |
| | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE COLLATERAL SOURCE EVIDENCE

Now comes the Plaintiff, Sarah Sandoval, by and through her attorneys, Alison D. Kohler, George S. Tolley III, and Dugan, Babij, Tolley & Kohler, LLC, and for the reasons hereinafter stated, respectfully request that this Honorable Court grant her Motion *in Limine* to Preclude Collateral Source Evidence at the trial of this matter, and to allow redaction of references to collateral sources from all medical bills and medical records offered into evidence.

1. In this medical negligence action, the Plaintiff, Sarah Sandoval, contends that the Defendants, Natalya Danilyants, M.D., and her employer, The Center for Innovative Gyn Care, P.C., negligently performed a laparoscopic assisted abdominal myomectomy ("LAAM") procedure on October 22, 2015, for the purpose of removing fibroid tumors measuring up to 13.6 cm in diameter from the Plaintiff's uterus, and failed to obtain a proper informed consent prior to that procedure.

2. As a direct and proximate consequence of the Defendants' negligence and failure to obtain a proper informed consent, the Plaintiff suffered a perforated cecum

resulting in widespread infection and abscess formation in her abdomen and pelvis, including the bladder, uterus, ovary and fallopian tubes, cecum, appendix, and intestines, which in turn required surgical dissection and evacuation of purulent material as well as a hemicolectomy (removal of a length of her large intestine), and other complications and damages.

3. At trial, the Plaintiff intends to introduce into evidence a binder of medical billing documents, identified in the Pretrial Order, § H.1.a, at 19-20. Many of these unredacted medical records contain references to insurance and payment by insurers. By this Motion, the Plaintiff seeks permission of the Court to submit the medical records in a ***redacted*** form.

4. At trial, the Plaintiff intends to introduce into evidence binders of medical records, identified in the Pretrial Order, § H.1.b, at 20-21. Most, if not all, of the unredacted medical billing documents contain references to insurance and payment by insurers. By this Motion, the Plaintiff seeks permission of the Court to submit the medical billings in a ***redacted*** form.

5. Throughout the discovery phase of this litigation, the Defendants have inquired about and obtained information concerning the payment of medical expenses obtained or potentially to be obtained by the Plaintiff from collateral sources other than the Defendants themselves.

6. At the trial of this case, the Defendants may intend to avoid responsibility for compensating the Plaintiff for her injuries and damages, including the cost of medical care necessitated by the Defendants' negligence, by arguing and introducing evidence

and testimony that the Plaintiff has received in the past, or may receive in the future, payments or benefits from collateral sources.

7. This Court has diversity jurisdiction in this case and the collateral source rule is substantive law. Therefore, the Court must look to Maryland law to apply the rule to the present facts. *See* Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L.Ed 1188 (1938) (explaining "except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state").

8. Maryland courts exclude "collateral source" evidence in personal injury litigation as irrelevant and unfairly prejudicial. *See* Lockshin v. Semsker, 412 Md. 257, 286-87, 987 A.2d 35 (2010) (noting "the long-standing acceptance of the collateral source rule and its prohibition on the presentation of collateral source evidence to the jury"). Accordingly, the Plaintiff respectfully requests that this Honorable Court grant her Motion *in Limine* and preclude the Defendants from introducing any such "collateral source" evidence at trial.

9. For more than one hundred fifteen years, Maryland courts have upheld and applied the collateral source rule in personal injury litigation:

> Since 1899, the collateral source rule has been applied in this State to permit an injured person to recover in tort the full amount of his provable damages regardless of the amount of compensation which the person has received for his injuries **from sources unrelated to the tortfeasor**.

Motor Vehicle Admin. v. Seidel Chevrolet, Inc., 326 Md. 237, 250, 604 A.2d 473, 481 (1992) (citing City Pass. Rwy. Co. v. Baer, 90 Md. 97, 44 A. 992 (1899)). Accord Lockshin, *supra*; Norfolk Southern Rwy. Corp. v. Tiller, 179 Md. App. 318, 343, 944 A.2d 1272, 1288 (2008) ("collateral source rule has over the course of the past hundred

years been expansively interpreted and liberally applied for the benefit of plaintiffs"); Plank v. Summers, 203 Md. 552, 558, 102 A.2d 262 (1954); Hasicher v. CSX Transportation, Inc., 381 Md. 119, 132, 858 A.2d 1025 (2004).

    10. The Court of Appeals in Seidel recognized the codification of the collateral source rule in the Restatement (Second) of Torts:

> Payments made to or benefits conferred on the injury party from other sources are not credited against the tortfeasor's liability although they cover all or a part of the harm for which the tortfeasor is liable.

Restatement (Comment) of Torts, sec. 920A(2). Comment b to that section sets out the rationale for applying the collateral source rule:

> Payments made or benefits conferred other sources are known as collateral-source benefits. **They do not have the effect of reducing the recovery against the Defendant**. The injured party's net loss may have been reduced correspondingly, as to the extent that the Defendant is required to pay the total amount there may be a double compensation for a part of the Plaintiff's injury. **But it is the position of the law that a benefit that is directed to the injured party should not be shifted so as to become a windfall for the tortfeasor**. If the Plaintiff was himself responsible for the benefit, as by maintaining his own insurance or by making advantageous employment arrangements, the law allows him to keep it for himself. If the benefit was a gift to the Plaintiff from a third party or established for him by law, he should not be deprived of the advantage that it confers. **The law does not differentiate between the nature of the benefits, so long as they did not come from the Defendant or a person acting for him. One way of stating this conclusion is to say that it is the tortfeasor's responsibility to compensation for all harm that he causes, not confined to the net loss that the injured party receives.**

Restatement (Second) of Torts, § 920A, comment b (quoted with approval in Seidel, 326 Md. at 254, 604 A.2d at 481-82 (emphasis added)).

4

11. In the case at bar, the Plaintiff anticipates that the Defendants may seek to put "collateral source" evidence before the jury, pertaining to insurance sources, gratuitous sources, and other potential sources of payment for medical services provided to the Plaintiff, David Skeberdis, as a result of the Defendants' negligence.

12. Through the evidence sought to be admitted by the Defendants, they seek to confuse the jury by arguing, in effect, that notwithstanding the injuries to the Plaintiff, Sarah Sandoval, as a result of the Defendants' negligence, "collateral sources" have paid, and in the future can be expected to pay, for the Plaintiff's medical care needs, thereby excusing the Defendants from responsibility for those damages.

13. The Plaintiff avers that it would be unfair, prejudicial, confuse the issues, and mislead the jury to allow the Defendants or their counsel or any witness under direct or cross-examination to state in opening statement, give testimony, argue in closing argument or in any way otherwise to mention or refer to or argue or bring out in cross-examination any statements pertaining to insurance sources, gratuitous sources, and other potential sources of payment for medical services that the Plaintiff incurred or may incur in the future. The Plaintiff further seeks permission to introduce into evidence redacted medical records and bills, copies of which will be produced to Defendants prior to trial.

WHEREFORE, the Plaintiff prays:

A. That the Defendants and/or their counsel and/or any witnesses on direct or cross-examination shall not be allowed to state in opening statement, give testimony, argue in closing argument or in any way otherwise to mention or refer to or argue or bring out in cross-examination any evidence or testimony pertaining to any collateral sources, including that the current costs being charged will likely be reduced by insurance

and including any statements pertaining to insurance sources, gratuitous sources, and other potential sources of payment for medical services; and

    B. That the Plaintiff be allowed to redact from medical records and medical bills all reference to collateral source payments or the existence of potential collateral sources; and

    C. For such other and further relief as the nature of her cause may require.

Respectfully Submitted,

/s/ Alison D. Kohler

Alison D. Kohler (Bar #01277)
George S. Tolley, III (Bar #10084)
Dugan, Babij Tolley & Kohler, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
akohler@medicalneg.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December, 2019, a copy of the Plaintiff's Motion *in Limine* To Preclude Collateral Source Evidence and proposed Order was served by electronic filing and by first-class mail to the following counsel of record:

    Benjamin Vaughan, Esquire
    Susan B. Boyce, Esquire
    ARMSTRONG, DONOHUE, CEPPOS VAUGHAN,
     & RHOADES, CHARTERED
    204 Monroe Street, Suite 101
    Rockville, Maryland 20850
    *Counsel for Defendant Natalya Danilyants, M.D.*

    Michael K. Wiggins, Esquire
    J. Kristen Wiggins, Esquire
    Wharton, Levin, Ehrmantraut & Klein, P.A.
    104 West Street

Annapolis, Maryland 21401

*Counsel for Defendant Center for Innovative GYN Care, PC*

_____
Alison D. Kohler (Bar #01277)
George S. Tolley, III (Bar #10084)
Dugan, Babij Tolley & Kohler, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
akohler@medicalneg.com

*Attorneys for Plaintiff*