# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SARAH SANDOVAL | * |
| Plaintiff | * |
| v. | *   Civil Action No. 8:17-cv-01599-PJM |
| THE CENTER FOR INNOVATIVE GYN CARE, P.C., *et al.* | * |
| | * |
| Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT, INADMISSIBLE AND UNDULY PREJUDICIAL EVIDENCE PROHIBITED UNDER FRE 401, 402 AND 403

Now comes the Plaintiff, Sarah Sandoval, by and through her attorneys, Alison D. Kohler, George S. Tolley III, and Dugan, Babij, Tolley & Kohler, LLC, and for the reasons hereinafter stated, respectfully requests that this Honorable Court exclude any argument, testimony or statements, comments, questions or references by the Defendants, their counsel or by any witnesses on direct and cross-examination on any of the following irrelevant, inadmissible and unduly prejudicial issues or topics:

    a.   Statements or arguments concerning contributory negligence and/or assumption of the risk on the part of the Plaintiff, Sarah Sandoval;

    b.   Statements or arguments that any non-party individual or entity was negligent, or violated the applicable standard of care, in their treatment of the Plaintiff, Sarah Sandoval;

    c.   Statements or arguments that violations of the applicable standard of care by any non-party individual or entity negligently caused or contributed to the injuries of the Plaintiff, Sarah Sandoval;

d.   Statements or arguments concerning the availability of collateral sources to offset elements of the Plaintiff's economic and non-economic damages;

e.   Statements or arguments concerning allegations of negligence or malpractice against the Plaintiff's expert witnesses;

f.   Questions asked of the Plaintiff's expert witnesses concerning whether they have ever committed malpractice or deviated from the applicable standard of care in their own practice;

g.   Statements or arguments concerning allegations of negligence or malpractice against the Plaintiff's treating health care providers;

h.   Statements or arguments of defense counsel expressing or attempting to elicit jury sympathy for the Plaintiff, Sarah Sandoval;

i.   Statements or arguments of defense counsel expressing or attempting to elicit jury sympathy for the Defendants;

j.   Statements or arguments by defense counsel that the Defendants, or any one of them, did not mean or intend to harm the Plaintiff, Sarah Sandoval;

k.   Statements or arguments by defense counsel that the Defendants, or any one of them, "tried their best" to avoid any injury or harm to the Plaintiff, Sarah Sandoval;

l.   Statements or arguments by defense counsel that the reputation of the Defendants, or the reputation of any one of them, would be adversely affected by a jury verdict in favor of the Plaintiff in this case;

m.   Statements or arguments by defense counsel that the Defendants, or any one of them, do not have sufficient funds available to pay a jury verdict in favor of the Plaintiff in this case;

n.   Statements or arguments of defense counsel characterizing or referring to the nature and purpose of proceedings in the Health Claims Alternative Dispute Resolution Office, including the Plaintiff's Certificate of Qualified Expert and Report;

o.   Any learned, scientific or medical treatises that have not been established as reliable authority in conformity with FRE Rule 803(b)(18);

2

p.  Any surveillance videotape of the Plaintiff because such was not identified and disclosed in response to Interrogatories and Requests for Production from the Plaintiff prior to the deadline for the completion of discovery; and

q.  Any expert opinions not properly disclosed to the Plaintiff, either by expert designation, written report or deposition testimony, prior to the deadline for the completion of discovery.

The Plaintiff respectfully submits that it would be unfair, improper, prejudicial, confuse the issues and mislead the jury to permit the Defendants or their counsel or any witness on direct or cross-examination to state in opening statement, give testimony, argue in closing argument or in any way otherwise mention or refer to or argue or bring out in cross-examination any evidence or testimony relating to any of the topics or issues identified herein.

WHEREFORE, the Plaintiff prays:

A.  That the Defendants and/or their counsel and/or any witnesses on direct or cross-examination shall not be allowed to state in opening statement, give testimony, argue in closing argument or in any way otherwise mention or refer to or argue or bring out in cross-examination any of the topics or issues set forth by the Plaintiffs in their Motion *in Limine* to Exclude Irrelevant and Prejudicial Evidence pursuant to FRE 401, 402 and 403; and

B.  For such other and further relief as the nature of their cause may require.

Respectfully Submitted,

Alison D. Kohler (Bar #01277)
George S. Tolley, III (Bar #10084)
Dugan, Babij Tolley & Kohler, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
akohler@medicalneg.com

3

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December, 2019, a copy of the Plaintiff's Motion *in Limine* To Exclude Irrelevant, Inadmissible and Unduly Prejudicial Evidence Prohibited Under FRE 401, 402 and 403 and proposed Order was delivered electronically and mailed first class, postage paid to the following counsel:

Benjamin Vaughan, Esquire
Susan B. Boyce, Esquire
ARMSTRONG, DONOHUE, CEPPOS VAUGHAN,
  & RHOADES, CHARTERED
204 Monroe Street, Suite 101
Rockville, Maryland 20850
*Counsel for Defendant Natalya Danilyants, M.D.*

Michael K. Wiggins, Esquire
J. Kristen Wiggins, Esquire
Wharton, Levin, Ehrmantraut & Klein, P.A.
104 West Street
Annapolis, Maryland 21401

*Counsel for Defendant Center for Innovative GYN Care, PC*

Alison D. Kohler (Bar #01277)
George S. Tolley, III (Bar #10084)
Dugan, Babij Tolley & Kohler, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
akohler@medicalneg.com

*Attorneys for Plaintiff*

4